UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
MODESTO CABRERA,

                Movant,

      -against-                                08 Civ. 5871 (LAK)
                                                  (06 Crim. 740 (LAK))

UNITED STATES OF AMERICA,

                Respondent.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/15/2008

**ORDER**

LEWIS A. KAPLAN, *District Judge.*

        Movant was indicted on August 30, 2006, on one count of conspiracy to commit robbery, in violation of 18 U.S.C. § 1951, and one count of using, carrying, possessing, and brandishing a firearm during the course of that conspiracy, in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and 924(c)(2). He pleaded guilty before Magistrate Judge Peck on March 15, 2007 to the conspiracy count pursuant to a plea agreement that stipulated to a guidelines range of 78 to 97 months and waived any right to appeal or challenge under 28 U.S.C. §§ 2241 and/or 2255 a sentence falling within or below that range. At sentencing, movant argued that he was entitled to a downward departure of 20 months and 9 days from the final sentence imposed because he already had served that amount of time pursuant to a state conviction for one of the robberies underlying the conspiracy at issue in the federal prosecution. The government did not object to that application.

        The Court adopted a guidelines range of 87 to 108 months as calculated in the presentence investigation report ("PSR")[1] and granted a 20-month downward adjustment because it found that movant already had served that time pursuant to his prior state court conviction and the departure was necessary to give the practical equivalent of a concurrent sentence. *See* Tr., June 18, 2007, at 3. The Court imposed a sentence of 67 months.

        Movant appealed this sentence on the grounds that it (1) was unreasonably harsh and (2) violated the Fifth Amendment's Double Jeopardy clause because it was predicated upon an act for which he previously had been convicted and incarcerated at the state level. The government moved to dismiss the appeal on the ground that movant waived his right to appeal any sentence not

---

[1] The guidelines range calculated in the PSR was higher than the stipulated range in movant's plea agreement because the Probation Department found that movant used a firearm to pistol whip two victims during one of the robberies underlying the conspiracy.

greater than 97 months. The Second Circuit granted the government's motion and dismissed the appeal because movant failed to demonstrate that the waiver of his appellate rights was unenforceable under *United States v. Gomez-Perez*, 215 F.3d 315, 319 (2d Cir. 2000). *See* Docket item 17.

Movant now seeks an order, pursuant to 28 U.S.C. § 2255, vacating, setting aside, or correcting his sentence on the grounds that he received ineffective assistance of counsel because (1) his plea waiver was not knowing, voluntary, and intelligent insofar as his attorney permitted him to be sentenced twice for the same crime in violation of the Double Jeopardy clause and the government's policy not to pursue criminal charges where a defendant already has been convicted for the offense in state court, *see United States v. Arena*, 180 F.3d 380, 399 (2d Cir. 1999) (citing *Petite v. United States*, 361 U.S. 529, 530-31 (1960)), *cert. denied* 531 U.S. 811 (2000)), (2) his counsel did not object to the government's denial of movant's request to consult with the consular office of the Dominican Republic, and (3) his counsel failed to request a sentence reduction based on amendment 599 to the guidelines.

The motion is denied on the grounds that it is (1) barred by movant's plea agreement and (2) without merit.

The motion is barred because movant has failed to demonstrate that the waiver of his right to challenge collaterally any sentence falling within or below 78 to 97 months was not knowing, intelligent, and voluntary. *See United States v. Salcido-Contreras*, 990 F.2d 51, 51 (2d Cir.) (per curiam) (holding that knowing and voluntary waivers of the right to appeal a sentence falling within or below a stipulated guidelines range are enforceable), *cert. denied*, 509 U.S. 931 (1993). Movant's conclusory assertions that he "signed the plea agreement under duress" because his counsel told him that he "had no other choice" and because he was "unlearnt [*sic*] in English and does not understand English law as an illegal immigrant who speaks [S]panish" are unsupported by any specific evidence and in fact are belied by the transcript of his plea hearing, which shows that Magistrate Judge Peck thoroughly questioned movant regarding his willingness to plead guilty and his understanding of the rights he was waiving by doing so, all of which was translated into Spanish by an interpreter.

Moreover, even were the Court to consider the merits of movant's claims, it would deny them because movant has failed to demonstrate (1) that his counsel's actions fell below "an objective standard of reasonableness" under "prevailing professional norms" and (2) prejudice arising from that defective performance. *See Strickland v. Washington*, 466 U.S. 668, 687-88, 693-94 (1984).

As an initial matter, the Double Jeopardy clause was not violated because movant was not sentenced twice for the same offense. Rather, he was sentenced for the substantive crime of robbery in state court and for conspiracy to commit robbery in federal court. Moreover, the Department of Justice's *Petite* policy does not afford movant any substantive legal rights. *United States v. Catino*, 735 F.2d 718, 725 (2d Cir.), *cert. denied* 469 U.S. 855 (1984). Accordingly, the fact that his counsel did not raise this argument does not demonstrate defective performance.

3

      Movant's contention that he received ineffective assistance because his counsel failed to object to the government's denial of his request to consult with officers from the consulate of the Dominican Republic is entirely baseless. Movant made no such request. Rather, the record clearly demonstrates that movant discussed with his counsel, through an interpreter, whether or not he desired to consult with a consular officer prior to pleading guilty and decided such a step was not necessary. *See* Tr., Mar. 15, 2007, at 3:3-16.

      Finally, movant's argument that he received ineffective assistance because his counsel did not seek a sentence reduction pursuant to amendment 599 to the guidelines is without merit because that amendment did not apply to his case. *See* U.S.S.G. § 2K2.4, App. Note 4.

      For the foregoing reasons, the motion pursuant to 28 U.S.C. § 2255 is denied. A certificate of appealability is denied, and the Court certifies that any appeal herefrom would not be taken in good faith within the meaning of 28 U.S.C. § 1915(a)(3).

      SO ORDERED.

Dated:    July 15, 2008

Copies mailed 7/15/2008
Chambers of Judge Kaplan
AD

_____
Lewis A. Kaplan
United States District Judge