**MEMO ENDORSED**

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

MODESTO CABRERA                           CIVIL NO. 08-5871(LAK)
    PETITIONER,                        Crim. No. 06-Crim,740 (LAK)

vs.

UNITED STATES OF AMERICA
    RESPONDENT. ./



RECEIVED JUL 25 2008 JUDGE KAPLAN'S CHAMBERS

NOTICE OF APPEAL AND APPLICATION FOR CERTIFICATE OF
APPEALABILITY ON APPEAL PURSUANT TO 28 U.S.C. § 2253(c)(1)(2)

    Comes Now, Petitioner, Modesto Cabrera, herein, Pro-Se with this Notice of Appeal and Application for certificate of Appealability on Appeal pursuant to 28 U.S.C.§ 2253(c)(1)(2) from the Court's Order on July 15,2008 which petitioner received in the prison mail on July 17,2008.

    Petitioner grounds are as follows:

    Petitioner has satisfied the standard of certificate of appealability by demonstrating that reasonable jurists would find that the assessment of his constitutional claims on "all" issues by the district court is debatable or wrong and that the dispositive procedure ruling by the district court on July 15, 2008 is likewise debatable. See: Miller-El v. Cockrell, 154 L.Ed. 2d 931 (2003); Slack v. McDaniel, 146 L.Ed. 2d 542 ( 2000 ).

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/28/08

*A certificate of appealability was denied by order dated 7/15/08.*

SO ORDERED

LEWIS A. KAPLAN, USDJ   7/28/08

(2)

Petitioner has made a requisite showing of a denial of a constitutional right to be granted certificate of appealability where he has demonstrated that counsel was ineffective during the guilty colloquy hearing by coercing and allowing petitioner to be sentenced twice for the same identical charges in state/federal court a double jeopardy, duel sovereignty doctrine violation, and in violation of the U.s. Department of Justice "Petite Policy" a Sixth Amemdnemt and Fifth amendment Constitutional violation . See: Rinaldi v. U.S., 54 L.Ed. 2d 207 ( 1972 ). the U.S. Supreme Court has held that the petite policy is an internal department of justice guideline barring a federal prosecution against duplicate federal/state proseution for the same acts except in certain limited circumstances.

Petitioner disputes the court's order in that petitioner was sentenced for the same substantial crime of robbery in state court and for the same conspiracy to commit robbery in federal court which are the same identical crimes where petitioner already served time in state court for the offence in violation of the petite policy where the Assistant United States Attorney failed to require prior authorization a fatal violation that require reversal and dismissal of the conviction. See: Petite v. U.S., 4 L.Ed. 2d 490 ( 1960 ).

Petitioner states that the court overlooked the facts that federal/state authorities in a sham prosecution manipulated the system to achieve the equivalent of the second prosecution where the United States played a role as "laboring oar:" as cover for state prosecution and actively aided state officials where state officials were mere tool of federal prosecution for this Honorable Court to grant certificate of appealability and this notice of appeal. See: Bartkus v. Illinois , 3 L.Ed. 2d 684 ( 1959 ), the U.S. Supreme Court has held and indicated that duel sovereignty doctrine is limited to the qualification that one sovereign's prosecution may not be used as a cover or toll for another sovereign prosecution where the burden of persuasion shifts to government to show no double jeopardy violation which the Respondents and the court has failed to do that requires vacation of this conviction.

Petitioner's plea was not barred where he has demonstrated that the waiver of his rights to challenge collaterally his appeal, 2241 or 2255 was involuntary, unintelligent and unknowingly made where counsel coerced petitioner to plead guilty and waive his right to appeal or file a 2255 petition where counsel was aware that petitioner had already served time in state prison for the same identical acts/charges in this federal indictment a duel sovereinty, double jeopardy violation which amounted to an illegal sentence and manifest of injustice. See: U.S. v. Yemiken, 70 F.3d 746,748 ( 2nd Cir. 1995 ), the Second Circuit court of appeals has held that a defendant, as in the instant case, may challenge a plea waiver that was done involuntary, unknowing, and unintelligently made. See: U.S. Mezzanatte, 130 L.Ed. 2d 697 ( 1995 ).

Petitioner disputes the court's order to deny a certificate of appealability where the record clearly shows that counsel coerced petitioner to waive a request to consult with the consulate of the Dominican Republic where petitioner made numerous requests to counsel and pleaded with counsel to allow him to speak and consult with officials from the consulate of the Dominican Republic in violation of Article 36(b) of the Vienna Convention a sixth amendment violation that warrants reversal of the conviction.

Petitioner received ineffective assistance of counsel where counsel coerced petitioner to plead guilty where counsel did not seek a sentence reduction pursuant to Amendment 599 of the United States Sentencing Guidelines where petitioner was enhanced twice for identical armde counts. One for the robbery and the other under U.s.S.G. 2B3.1(b)(2)(c) that warrants the court to grant this request for appeal and certificate of appealability on appeal where this appeal in being taken in good faith.

Wherefore, in the interest of justice and the good of the court, petitioner requests of this Honorable court to file this Notice of Appeal and grant this Application to proceed for Certificate of Appealability on Appeal.

(4)

## CERTIFICATE OF SERVICE

I, the undersigned Modesto Cabrera # 59136-054 certify that a copy of the Notice of Appeal and Request for Certificate of Appealability on Appeal, was mailed postage Prepaid to Mr. Michael Quinn English, Assistant U.S. Attorney for the Southern District of New York, N.Y. 1007, on this ___21___ day of ___July___ 2008.

RESPECTFULLY SUBMITTED

*[signature]*

Modesto Cabrera # 59136-054   pro-se
FCI Allenwood, P.O. Box 2000,
White Deer, Pa. 17887

Copy Sent To:

Clerk Of The Court For Honorable Judge Lewis A Kaplan For The U.S. District Court For southern District Of New York, U.S. Courthose, 500 Pearl Street, New York, N.Y. 10007-1312

Cc:002